96-291 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00291-CV







Jim and Debbie LaChance, Appellants



v.



Jeffrey D. Talmadge, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 95-06082, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







PER CURIAM


 Jim and Debbie LaChance attempt to appeal a summary judgment rendered in favor
of Jeffrey D. Talmadge. We will dismiss the case for the LaChance's failure to perfect their
appeal timely.

 The appellate timetables are clear. Appellants must file a perfecting instrument
within thirty days of judgment unless, during that same period, they file a motion for new trial. 
Tex. R. App. P. 41(a)(1). If appellants timely file a motion for new trial, the perfecting
instrument is not due until ninety days after judgment. Tex. R. App. P. 41(a)(1). We can extend
the time to file a perfecting instrument if, within fifteen days after the due date, the appellant files
both the perfecting instrument and a motion to extend time to file the perfecting instrument. Tex.
R. App. P. 41(a)(2).

 The trial court granted summary judgment on January 25, 1996. The deadline to
file the perfecting instrument or motion for new trial was thus February 26, 1996. The
LaChances tendered their motion for new trial on March 1, 1996. They thus did not trigger the
ninety-day timetable. Their motion for extension and their perfecting instrument could therefore
be filed timely no later than March 12, 1996. Under the extended timetable, their perfecting
instrument would have been due April 24 and their motion to extend on May 9. They filed their
motion for extension of time to file the cost bond in this court on May 24, 1996.

 The LaChances contend that the trial court committed misconduct and prevented
them from timely appealing by not ruling on their motion for new trial until April 3, 1996. The
LaChances do not show in any way how they were prevented from filing their perfecting
instrument or their motion to extend time to file the cost bond. The filing of their motion to
extend time to file the cost bond beyond even the extended deadline clearly shows that they did
not perfect their appeal timely.

 We dismiss the appeal for want of jurisdiction. Tex. R. App. P. 60. All other
pending motions are dismissed.


Before Justices Powers, Jones and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: July 17, 1996

Do Not Publish